UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KARIM ELEY, | : |
| | : |
| Petitioner, | : |
| | : CIVIL NO. 3:CV-08-0090 |
| v. | : |
| | : (JUDGE VANASKIE) |
| CHARLES ERICKSON, ET AL., | : |
| | : |
| Respondents. | : |

M E M O R A N D U M

I.   Introduction.

Petitioner, Karim Eley, aka Kariem Eley, a state prisoner currently incarcerated at the Retreat State Correctional Institution ("SCI-Retreat"), Hunlock Creek, Pennsylvania, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. Entries 1 - 2, Petition and Supporting Memorandum.)  Petitioner has applied to stay these proceedings pending exhaustion of state court remedies related to his second Post Conviction Relief Act ("PCRA") proceeding.  (Dkt. Entry 5, May 6, 2008, Letter.)  For the reasons set forth below, the Court will grant the request to stay this action to allow Petitioner to complete the state court review process on claims relating to newly discovered evidence.

II.   Background.

On August 10, 2001, after two mistrials, Eley and his co-defendants (Lester

Eiland and Edward Mitchell), were convicted of second degree murder, robbery and conspiracy to commit robbery. The trial court sentenced Eley to consecutive terms of life imprisonment for the murder of Angel DeJesus; seven to twenty years' imprisonment for the robbery charge; and four to twelve years' imprisonment for conspiracy to commit robbery. On October 19, 2001, Eley filed a timely notice of appeal to the Superior Court. On June 19, 2002, Eley filed a petition for a new trial based on after discovered evidence. (Dkt. Entry 1, Petition at R. 65).[1] After conducting a series of hearings, the trial court denied Eley's petition on September 17, 2002.

On September 22, 2003, the Superior Court affirmed Eley's convictions, but remanded the case for re-sentencing, finding the trial court erred by imposing consecutive sentences for robbery and second degree murder. On January 2, 2004, Eley's petition for allowance of appeal was denied by the Pennsylvania Supreme Court. Eley was re-sentenced on March 11, 2004, with the sentences for robbery and second degree murder merged.

On December 13, 2004, Eley filed a timely PCRA petition. A hearing was held on July 20, 2005. Eley filed a second PCRA petition on September 26, 2005, on the basis of after discovered evidence. The PCRA court denied the first PCRA petition on April 27, 2006. On May 4, 2007, the Superior Court of Pennsylvania affirmed the order denying the Eley's first PCRA petition. The Pennsylvania Supreme Court denied Eley's petition for allowance of

---

[1] "R." or "RR." references are to the CM/ECF pagination of the document cited.

appeal on December 20, 2007.  On July 27 and September 19, 2006, while Eley's first PCRA petition was on appeal, the PCRA court held hearings related to Eley's second PCRA petition. The PCRA court denied the second PCRA petition on September 20, 2007.  Eley's appeal of the denial of his second PCRA petition is currently pending before the Pennsylvania Superior Court.  See Commonwealth v. Eley, 1684 MDA 2007 (Pa. Super. Ct.).

Eley filed his present petition for writ of habeas corpus on January 14, 2008.  He raises the following claims: (1) insufficient evidence to support the robbery or conspiracy convictions; (2) ineffective assistance of direct appeal counsel; (3) error in the jury instruction on reasonable doubt; (4) error in admitting a redacted statement of one of Eley's co-defendants; and (5) ineffective assistance of trial counsel.

III.	Discussion.

Relief cannot be granted on a "mixed" petition, i.e., one that presents both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509, 522 (1982).  However, both the Supreme Court and the Third Circuit Court of Appeals have approved the protective filing of such a petition and then staying it while the petitioner presents his unexhausted claims in state court.  See Rhines v. Weber, 544 U.S. 269, 275-76 (2005); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004). This procedure allows the petitioner to exhaust his state-court remedies on all his claims without the risk of being time-barred on a new federal petition, which might result if the first petition is dismissed (rather than stayed), thereby requiring the petitioner to file a new

petition at the conclusion of his state court remedies. Generally, a stay should be granted only when there was good cause for the petitioner's failure to exhaust his claims first in state court, the unexhausted claims are potentially meritorious, and the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277.

Rhines, supra, and Crews, supra, both contemplate that the initial federal petition must be timely filed. See Rhines, 544 U.S. at 275 125 S.Ct. at 1533 ("If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it . . . after the limitations period has expired, this will likely mean the termination of any federal review."); see also Crews, 360 F.3d at 150 (noting the timeliness of the petition). A stay in those circumstance makes sense, but when a petition is untimely to begin with, there is no purpose in staying the case.

The facts of the present case satisfy the requirements for a stay of litigation. Petitioner filed his federal habeas corpus petition within the time frame established by the Antiterrorism and Effective Death Penalty Act of 1996. He acknowledges that his habeas petition includes issues presented in his second PCRA petition, which is currently on appeal before the Pennsylvania Superior Court. Had he not filed his petition now, and instead awaited the outcome of his state court appeal of his second PCRA, Eley may be barred from any federal habeas review given the running of the AEDPA's limitation period. This is precisely the potential Hobson's choice Rhines and Crews address. See Id. at 275. In addition, there is no

indication that Petitioner engaged in intentionally dilatory litigation tactics as he has actively pursued his state court remedies relevant to this first and second PCRA petitions. Accordingly, litigation on the federal petition will be stayed.

                 s/ Thomas I. Vanaskie
                 Thomas I. Vanaskie
                 United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KARIM ELEY,                                :
                                           :
          Petitioner,                      :
                                           :   CIVIL NO. 3:CV-08-0090
     v.                                    :
                                           :   (JUDGE VANASKIE)
CHARLES ERICKSON, ET AL.,                  :
                                           :
          Respondents.                     :

O R D E R

NOW, THIS 16th DAY OF MAY, 2008, for the reasons set forth in the foregoing memorandum, IT IS HEREBY ORDERED THAT:

1. Petitioner's Motion to Stay (Dkt. Entry 5) is GRANTED.

2. Adjudication of Petitioner's federal habeas corpus petition (Dkt. Entry 1) is STAYED.

3. For administrative purposes only, the Clerk of Court is directed to mark this matter CLOSED.

4. Petitioner shall return to this Court within thirty (30) days of the termination of the subject state court proceedings and Petitioner shall file with this Court a copy of the Superior and/or Supreme Court's disposition.

                                            s/ Thomas I. Vanaskie
                                            Thomas I. Vanaskie
                                            United States District Judge